TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
RISHI GUPTA (SBN 313079)
rgupta@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625

Attorneys for Defendant
Unifund CCR Partners

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIMEKA ROSS-YATES, | CASE NO.: 3:17-cv-06559 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| UNIFUND CCR PARTNERS; DOES 1-10, | |
| Defendant. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Unifund CCR Partners ("Defendant") hereby removes to this Court the state court action described below.

1. On September 20, 2017, a complaint was filed against Defendant by plaintiff Chimeka Ross-Yates ("Plaintiff"), in the Superior Court of the State of California in and for the County of Alameda, in an action styled as *Chimeka Ross-Yates v. Unifund CCR Partners*, case number HG17876018. A copy of the complaint ("Complaint") and other documents that were served on Defendant are attached hereto as **Exhibit A**.

2. In the Complaint, Plaintiff alleges that she lives in Castro Valley, California. *See* Ex. A, Complaint at ¶ 2. Accordingly, Defendant is informed and believes that Plaintiff is a citizen of the state of California.

3. Defendant is a New York partnership with its principal place of business in Cincinnati, Ohio. Accordingly, Defendant is a citizen of New York and Ohio for diversity purposes.

4. The Complaint seeks equitable relief and actual damages in an amount that is not specified. In addition, it seeks a civil penalty of up to $30,000.00 under section 1798.93(c)(6) of the California Civil Code *See* Ex. A at Prayer. Prior to this removal, Defendant contacted Plaintiff and requested that she stipulate that the amount in controversy in this action is less than $75,000.00. Plaintiff failed to respond and has not so stipulated. Defendant therefore believes based on the allegations in the complaint and plaintiff's failure or refusal to stipulate that the amount in controversy in this action exceeds $75,000.00. A copy of the proposed stipulation sent to Plaintiff is attached hereto as **Exhibit B**.

5. This removal petition is timely under 28 U.S.C. § 1446(b) because Defendant was served via certified mail on October 11, 2017.

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1332(c), and that may be removed to this Court by

Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) because the action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* Ex. A, at Prayer; *see also* Ex. B at p. 2.

7. The Complaint was filed in the Superior Court of the State of California, County of Alameda. Venue in the Northern District of this Court is proper. *See* 28 U.S.C. § 1441(a) (removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); *id.* § 84(a) ("The Northern District comprises the count[y] of Alameda . . .").

8. Defendant is represented by the undersigned.

DATED: November 13, 2017

SIMMONDS & NARITA LLP
TOMIO B. NARITA
RISHI GUPTA

By: /s/Rishi Gupta
Rishi Gupta
Attorneys for Defendant
Unifund CCR Partners

# Exhibit A

Ms. Chimeka Ross-Yates
20096 Santa Maria Avenue
Castro Valley, CA 94546

**VIA CERTIFIED MAIL: Return Receipt Requested**

Unifund CCR Partners, LLC
c/o Chief Executive Officer of Unifund CCR
10625 Techwoods Cir.
Cincinnati, OH 45242

October 2, 2017

    RE: *Chimeka Ross-Yates v. Unifund CCR Partners*, No. HG17876018 (Cal. Supr. Ct. Alameda Cty.)

To Whom It May Concern:

    Please find enclosed an official summons in the above captioned action, along with the initial complaint.

                                    Sincerely,

                                    Chimeka Ross-Yates
                                    Plaintiff In Pro Per

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Unifund CCR Partners

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Chimeka Ross-Yates

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

SEP 20 2017

CLERK OF THE SUPERIOR COURT
By: D. OLIVER, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda Superior Court

24405 Amador Street
Hayward, CA 94544

CASE NUMBER:
*(Número del Caso):* HG17876012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Chimeka Ross-Yates, Plaintiff in Pro Per, 20096 Santa Maria Ave., Castro Valley, CA 94546

DATE: SEP 20 2017    Chad Finke    Clerk, by **D. OLIVER**, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Unifund CCR Partners

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Chimeka C. Ross-Yates<br>20096 Santa Maria Ave.<br>Castro Valley, CA 94546<br>TELEPHONE NO.: (510) 485-6439   FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff in Pro-Per | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>SEP 20 2017<br>CLERK OF THE SUPERIOR COURT<br>By: D. OLIVER, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME: Chimeka Ross-Yates v. Unifund CCR Partners

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: HG17876018 |
|---|---|---|
| ✓ Unlimited    ☐ Limited<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ✓ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: One
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/19/2017

Chimeka Ross-Yates                                 ▶ /s/ Chimeka Ross-Yates
*(TYPE OR PRINT NAME)*                              *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
    - Asbestos Property Damage
    - Asbestos Personal Injury/ Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
    - Medical Malpractice– Physicians & Surgeons
    - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
    - Premises Liability (e.g., slip and fall)
    - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    - Intentional Infliction of Emotional Distress
    - Negligent Infliction of Emotional Distress
    - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
    - Legal Malpractice
    - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
    - Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    - Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    - Negligent Breach of Contract/ Warranty
    - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
    - Collection Case–Seller Plaintiff
    - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
    - Auto Subrogation
    - Other Coverage
- Other Contract (37)
    - Contractual Fraud
    - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
    - Writ of Possession of Real Property
    - Mortgage Foreclosure
    - Quiet Title
    - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
    - Writ–Administrative Mandamus
    - Writ–Mandamus on Limited Court Case Matter
    - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
    - Review of Health Officer Order
    - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
    - Abstract of Judgment (Out of County)
    - Confession of Judgment (*non-domestic relations*)
    - Sister State Judgment
    - Administrative Agency Award (*not unpaid taxes*)
    - Petition/Certification of Entry of Judgment on Unpaid Taxes
    - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
    - Declaratory Relief Only
    - Injunctive Relief Only (*non-harassment*)
    - Mechanics Lien
    - Other Commercial Complaint Case (*non-tort/non-complex*)
    - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
    - Civil Harassment
    - Workplace Violence
    - Elder/Dependent Adult Abuse
    - Election Contest
    - Petition for Name Change
    - Petition for Relief From Late Claim
    - Other Civil Petition

Chimeka C. Ross-Yates
20096 Santa Maria Ave.
Castro Valley, CA 94546
(510) 485-6439
Plaintiff In Pro Per

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 0 2017

CLERK OF THE SUPERIOR COURT
By: D. OLIVER, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

(UNLIMITED CIVIL CASE)

CHIMEKA ROSS-YATES

  Plaintiff,

v.

UNIFUND CCR PARTNERS; DOES 1-10

  Defendants.

Case No: HG17876018

COMPLAINT FOR INJUNCTION, OTHER EQUITABLE RELIEF AND DAMAGES UNDER CALIFORNIA CIVIL CODE § 1798.93 (IDENTITY THEFT STATUTE)

## INTRODUCTION

1. This is a suit to set aside a collections lawsuit judgment entered in 2006 against Plaintiff Chimeka Ross-Yates in favor of Defendant Unifund CCR Partners ("Unifund"). The judgment should be vacated on the grounds that the court lacked personal jurisdiction. Unifund never served Ms. Ross-Yates with the Summons or Complaint. Additionally, Ms. Ross-Yates was a victim of identity theft as to the debt and is not obligated to Unifund. Ms. Ross-Yates has notified Unifund and its alleged predecessor, U.S. Bank, of these facts, yet Unifund has refused to stipulate to set aside the judgment. Ms. Ross-Yates thus had to bring this suit to have the judgment set aside and pray for damages and equitable relief.

## PARTIES

2. Plaintiff Chimeka Ross-Yates is a natural person who currently resides in the city of Castro Valley, California, located in Alameda County.

3. Upon information and belief, Defendant Unifund is, and at all times herein mentioned was, a Delaware corporation doing business in the state of California.

4. Does 1-10 are entities that participated in the transactions complained of herein in ways which are unknown to Plaintiff. Their true names, capacities, and nature and extent of participation in the alleged activities complained of herein by Does 1-10, inclusive, are unknown to Plaintiff, and Plaintiff therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5. At all times herein mentioned, each of the Defendants were, and now are, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, were acting in the scope, purpose and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to "Defendants" without further qualification is meant by the complainant to refer to each Defendant named above.

## JURISDICTION AND VENUE

6. Venue and jurisdiction are proper in this Court because injury and damages to Plaintiff occurred in this jurisdictional area and because the lawsuit was filed and judgment was entered here.

7. This Court has subject-matter jurisdiction over the causes of action alleged in this Complaint because this Court is a court of general subject-matter jurisdiction and is not otherwise excluded from exercising subject-matter jurisdiction over said causes of action.

8. This Court has personal jurisdiction over Defendants because each Defendant conducts business in the State of California and a substantial portion of the acts, omissions, events, and transactions constituting the causes of action alleged herein occurred within the State of California.

9. This Court is the appropriate venue for this action under Cal. Civ. Proc. §§ 395 & 395.5 because the acts that give rise to the causes of action alleged herein occurred in the County of Alameda. Plaintiff hereby designates the County of Alameda as the place of proper venue.

## STATEMENT OF FACTS

10. In or around January 2002, Ms. Ross-Yates discovered that she was a victim of identity theft when she received a call from the Sears Fraud Department about a transaction in Atlanta, Georgia, involving her account. The Sears Fraud Department told Ms. Ross-Yates that an individual was attempting to make a purchase using a California identification card in her name. Ms. Ross-Yates informed the Sears Fraud Department that she did not authorize any purchases in Atlanta, Georgia.

11. On January 26, 2002, Ms. Ross-Yates filed a report with the Hayward Police Department regarding the theft of her identity.

12. Ms. Ross-Yates continued to discover additional fraudulent charges and accounts made or opened in her name over the next several years.

13. In or around January 2002, Ms. Ross-Yates was contacted by U.S. Bank about a number of suspicious charges made to her account. Ms. Ross-Yates confirmed over the phone and in person at the local U.S. Bank branch that these charges were fraudulent. In person, Ms. Ross-Yates provided documentation to prove her identity and informed the U.S. Bank representative of the 2002 identity theft. She also provided the identity theft police report and a letter explaining the incident. U.S. Bank never contacted Ms. Ross-Yates about the fraudulent charges again, and Ms. Ross-Yates assumed the problem had been resolved.

14. On January 31, 2006, Unifund, acting as the assignee of the U.S. Bank account, filed a lawsuit against Ms. Ross-Yates in the Limited Civil Division of the Hayward Courthouse in Hayward CA, Case No. HG06253139 (hereafter "the prior action").

15. Ms. Ross-Yates was never served with the lawsuit. The process server retained by Unifund claimed to have served Ms. Ross-Yates's mother at 980 Warren Street in Hayward on February 7, 2006 after three attempts to serve Ms. Ross-Yates herself at the same address. Ms. Ross-Yates did not reside at 980 Warren Street in 2006. Ms. Ross-Yates had moved from that address in 2000. Ms. Ross-Yates' mother was also never served with the lawsuit.

16. On April 3, 2006, the court granted Unifund's request for default and entered a default judgment against Ms. Ross-Yates for $7,139.27.

17. Ms. Ross-Yates had no knowledge of this lawsuit when the judgment was entered against her. If she had known, she would have appeared and defended herself, as she did not authorize the charges.

18. In September 2015, nine years after the judgment was entered against her in the prior action, Ms. Ross-Yates first learned about the lawsuit and default judgment when her wages were garnished by Unifund.

19. In September 2015, Ms. Ross-Yates filed a claim of exemption to the wage garnishment with the Alameda County Sheriff's Department.

20. On October 21, 2015, the Superior Court granted the claim of exemption and ordered that all money seized pursuant to Unifund's judgment be returned to Ms. Ross-Yates.

21. On or around October 23, 2015, Unifund contacted Ms. Ross-Yates by telephone to try to collect the judgment. Ms. Ross-Yates reminded Unifund that the judge had terminated the wage garnishment and ordered the funds returned. Furthermore, Ms. Ross-Yates informed Unifund that she was not responsible for the underlying debt, as she was a victim of identity theft and the charges were fraudulent. Unifund nonetheless persisted in trying to collect on the judgment.

22. In April 2016, Ms. Ross-Yates learned that her wages were again being garnished.

23. On July 13, 2016, Ms. Ross-Yates again filed a claim of exemption with the Alameda County Sheriff's Department.

24. Due to confusion about the date of the hearing on her claim of exemption, Ms. Ross-Yates did not appear at the hearing scheduled for August 25, 2016. Therefore, Ms. Ross-Yate's claim was denied.

25. On October 4, 2016, Ms. Ross-Yates filed a Motion to Set Aside Order Denying Defendant's Claim of Exemption with the Alameda County Superior Court. The Motion was granted on November 3, 2016.

26. On November 14, 2016, Ms. Ross-Yates sent a certified letter once more notifying Unifund that she was a victim of identity theft and that the debt it was seeking to recover had been fraudulently incurred. With the letter, Ms. Ross-Yates enclosed copies of the

- 4 -

COMPLAINT

updated identity theft police report and the Federal Trade Commission's Affidavit of Identity Theft. As of today, Ms. Ross-Yates has received no response to this letter and no acknowledgement from Unifund that the debt is fraudulent or that she is a victim of identity theft.

27. On November 22, 2016, the Alameda County Superior Court granted Ms. Ross-Yates's Claim of Exemption and ordered Unifund to return all garnished wages to Ms. Ross-Yates.

28. Ms. Ross-Yates has reached out three times to clarify that the debt was the result of identity theft, once to U.S. Bank and twice to Unifund.

29. Upon information and belief, though it has twice been prevented from collecting on the debt, Unifund continues to hold a judgment against Ms. Ross-Yates in the amount of $7,139.27 for charges resulting from the theft of Ms. Ross-Yates's identity.

## FIRST CAUSE OF ACTION

### (Violation of Civil Code § 1798.93)

30. Plaintiff alleges and incorporates herein by reference each and every allegation set forth in all other paragraphs.

31. Ms. Ross-Yates is a victim of identity theft in connection with the alleged debt that Unifund has tried to collect from Ms. Ross-Yates.

32. Ms. Ross-Yates has repeatedly notified Unifund and its predecessor in interest, including in writing, about the identity theft, but Unifund is still trying to collect the debt. Upon information and belief, there has been no indication of any investigation.

33. Ms. Ross-Yates demonstrated that she was a victim of identity theft and sent Unifund a certified letter that described the identity theft and she enclosed both the identity theft police report filed with the Hayward Police Department and the Federal Trade Commission's Affidavit of Identity Theft.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

- 5 -

COMPLAINT

a. That the court issue a temporary restraining order, and issue preliminary and permanent injunctions to stop the enforcement of the judgment in the prior action.

b. For a declaration that Ms. Ross-Yates is not obligated to Unifund on this alleged debt under Civil Code § 1798.93(c)(1).

c. For a declaration that any security interest or other interest Unifund had purportedly obtained in Ms. Ross-Yates' property in connection with the debt is void and unenforceable under Civil Code § 1798.93(c)(2).

d. For an injunction restraining Unifund from collecting or attempting to collect on the alleged debt under Civil Code § 1798.93(c)(3).

e. For an injunction restraining Unifund from enforcing or executing on any judgment against Ms. Ross-Yates on the alleged debt under Civil Code § 1798.93(c)(3).

f. For actual damages, attorney's fees, and costs, and any equitable relief that the court deems appropriate under Civil Code § 1798.93(c)(5).

g. For a civil penalty, in addition to other damages, of up to thirty thousand dollars under Civil Code § 1798.93(c)(6).

h. For any such other and further relief that the court deems proper.

Respectfully submitted,
Dated this 13 September, 2017.

Chimeka C. Ross-Yates

Plaintiff In Pro Per

COMPLAINT

NEOPOST
10/02/2017
US POSTAGE $006.77⁰
FIRST-CLASS MAIL
ZIP 94703
041L10259216

CERTIFIED MAIL

7016 2710 0001 1652 5286

Ms. Chimeka Ross-Yates
20096 Santa Maria Avenue
Castro Valley, CA 94546

Unifund CCR Partners, LLC
c/o Chief Executive Officer of
Unifund CCR
10625 Techwoods Cir.
Cincinnati, OH 45242

# Exhibit B

1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  RISHI GUPTA (SBN 313079)
   rgupta@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6  Attorneys for Defendant
   Unifund CCR Partners

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| CHIMEKA ROSS-YATES, | CASE NO.: HG-17876018 |
| Plaintiff, | **STIPULATION RE: AMOUNT IN CONTROVERSY** |
| vs. | |
| UNIFUND CCR PARTNERS; DOES 1-10, | |
| Defendant. | |

1     Plaintiff Chimeka Ross-Yates hereby stipulates and agrees that the amount in
2 controversy she is seeking in this action does not exceed the sum of seventy-five
3 thousand dollars ($75,000.00), exclusive of interest and costs.
4
5 **IT IS SO STIPULATED.**
6
7
8 DATED: October 20, 2017                  SIMMONDS & NARITA LLP
                                                        TOMIO B. NARITA
9                                                         RISHI GUPTA
10                                         By: _____
11                                                         Rishi Gupta
                                                        Attorneys for Defendant
12                                                         Unifund CCR Partners
13
14
   DATED: October ___, 2017               By: _____
15                                                         Chimeka Ross-Yates
                                                        Plaintiff in Pro Per
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1)   **STIPULATION RE: AMOUNT IN CONTROVERSY**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Chimeka Ross-Yates

20096 Santa Maria Ave.

Castro Valley, CA 94546

*Plaintiff in Pro Per*

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 20th day of October, 2017.

Rishi Gupta